UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MILOUDA YAHYA, A43 420 904,            :  Civil Action No.
LAHCEN YAHYA,  A77 546 901,            :  08 Civ 6859 (PAC)
                    Plaintiffs,        :  ECF CASE
                                       :  COMPLAINT FOR
          - against -                  :  DECLARATORY RELIEF
                                       :  (Fed. R. Civ. P. 57)
ANDREA QUARANTILLO, District Director, :  AND
United States Citizenship and          :  COMPLAINT IN NATURE
Immigration Services,                  :  OF MANDAMUS
                    Defendant.         :  (28 U.S.C. § 1361)
----------------------------------------x

    Plaintiffs, Milouda Yahya and Lahcen Yahya, by their attorneys, Stanley H. Wallenstein and Alan Michael Strauss, for their complaint, allege:

## INTRODUCTION

    1    This is an action for a declaratory judgment and an action for injunctive relief in the nature of mandamus. Plaintiffs ask the Court to declare that the defendant's order revoking the Government's approval of an immigrant visa petition filed by Plaintiff Milouda Yahya on behalf of her son, Plaintiff Lahcen Yahya, is void because the defendant did not initiate a revocation proceeding by issuing a notice of intent to revoke the approval.  Plaintiff Milouda Yahya also asks the Court to compel the defendant and those acting under her to take action on Plaintiff's petition for an immigrant visa on behalf of Lahcen Yahya by using the correct rule of law and allowing her to give evidence in opposition to the ground alleged for revocation of the approval.  The granting of immigrant visas is a benefit under, _inter alia_, section 203(a)(2)(B) of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1153(a)(2)(B) (allocation of immigrant visas), and INA § 204(a), 8 U.S.C. § 1154(a) (procedure for granting immigrant visas).

**PARTIES**

2.   Plaintiff Milouda Yahya ("Mrs. Yahya") is a sixty-six-year-old lawful permanent resident of the United States.  She filed a petition with the INS to have her son granted an immigrant visa as the unmarried son of a lawful permanent resident.  The INS approved the petition on February 26, 1993, but then, more than fourteen years later and without notice, it revoked the approval.  She lives in New York, New York  10040.

3.   Plaintiff Lahcen Yahya ("Mr. Yahya") is a thirty-nine-year-old native and citizen of Morocco.  He is the beneficiary of Mrs. Yahya's petition for an immigrant visa.  He lives in New York, New York  10034.

4.   Defendant, Andrea Quarantillo, is sued in her official capacity as the District Director of United States Citizenship and Immigration Services ("USCIS").  USCIS is an agency within the Department of Homeland Security ("DHS").  As District Director, Ms. Quarantillo is the Secretary of Homeland Security's designate for the New York District, and she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.[1]  One of the duties is the

---

[1]   The Immigration and Naturalization Service ("INS") was the agency responsible for these duties when Mrs. Yahya filed her

2

processing and adjudication of immigrant visa petitions. Defendant maintains her office at 26 Federal Plaza, New York, New York 10278.

**JURISDICTION**

5.    Because this is an action to compel Defendant to perform her official duty, this Court has jurisdiction over the action under 28 U.S.C. § 1361.

6.    The Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.  As shown below more fully, this dispute concerns whether Defendant's order revoking the approval of Mrs. Yahya's immigrant visa petition is void because Defendant did not initiate a revocation proceeding as required by USCIS regulations.

**VENUE**

7.    Venue is proper in this Court under 28 U.S.C. § 1391(e) because Defendant maintains her office in this judicial district, the events and omissions giving rise to this action arose in this district, and Plaintiffs reside in this district and no real property is involved.

---

petition for an immigrant visa.  On March 1, 2003, it was abolished and the DHS was established.  See generally Section 471 of the Homeland Security Act ("HSA"), Pub. L. 107-296, 116 Stat. 2135, 2205 (Nov. 25, 2002).  The INS's functions were transferred from the Department of Justice to the Department of Homeland Security ("DHS") and split between the Bureau of Border Security, see HSA, Subtitle D, 116 Stat. at 2192-95, and USCIS, see HSA Subtitle E, 116 Stat. at 2195-2205.  The INS's former authority to adjudicate immigrant visa petitions was transferred to the USCIS pursuant to HSA § 451(b), 116 Stat. at 2196.

## CLAIMS FOR RELIEF

### COUNT 1
### (Declaration That District Director's Order Is Void)

I.  **Nature of the Dispute**

8.    The allegations contained in paragraphs 1 through 7 above are repeated and realleged as though fully set forth herein.

9.    Defendant, in her role as Director of USCIS, is charged with the duty of carrying out the provisions of the Immigration and Nationality Act in the New York District.  See INA § 103(a)(4), 8 U.S.C. § 1103(a)(4) (granting Secretary of Homeland Security authority to delegate responsibilities); 8 C.F.R. § 100.2(d)(2)(ii) (delegating duties to district directors).

A.    **Provision of The Immigration and Nationality Act in Dispute in the Request for a Declaratory Judgment**

10.    The Immigration and Nationality Act provides, in general, for the admission, expulsion, and regulation of aliens within the United States.

11.    The provisions of the Immigration and Nationality Act in dispute regarding the request for a declaratory judgment are INA § 203(a)(2), 8 U.S.C. § 1153(a)(2); INA § 204, 8 U.S.C. § 1154; and INA § 205, 8 U.S.C. § 1155.

12.    Section 1153 provides for the allocation of immigrant visas:  the number of visas available for each "preference category" in a given year.  Section 1153(a)(2) provides for the

4

allocation of immigrant visas for <u>inter alia</u>, the unmarried sons and daughters of lawful permanent resident aliens.  For purposes of this section, "sons and daughters" means the children of a petitioner where the children are twenty-one years of age or older.  <u>Cf.</u> INA § 101(b)(1), 8 U.S.C. § 1101(b)(1) ("The term 'child' means an unmarried person under twenty-one years of age. . . .")

13.  Section 1154 provides the procedure for granting immigrant visas.

14.  Section 1155 provides the Secretary of Homeland Security with the authority to revoke the approval of an immigrant visa petition for good and sufficient cause.

**B.  <u>Provisions of Title 8 of the Federal Regulations at Issue in the Request for a Declaratory Judgment</u>**

15.  The Code of Federal Regulations at Title 8 provides the necessary authority for the conduct of DHS officials in administering the Immigration and Nationality Act.

16.  In dispute in this action are the regulatory provisions found at Title 8, Chapter I, Subchapter B, Part 205 of the Code of Federal Regulations entitled "Revocation of Approval of Petitions."  The regulations provide for automatic revocation and revocation on notice.

17.  Section 205.1 provides for the automatic revocation of the approval of immigrant visa petitions and lists the reasons for revoking the approval.  Each reason is based upon an event

5

that occurs after the immigrant visa has been approved (but before the beneficiary is granted lawful permanent resident status). For example:

17(a). If a person who has registered with the Department of State for an immigrant visa pursuant to INA § 261(a), 8 U.S.C. § 1301(a), does not apply for an immigrant visa within one year of being notified of the visa's availability, the registration is automatically revoked. 8 C.F.R. § 205.1(a)(1) and INA § 203(g), 8 U.S.C. § 1153(g).

17(b). If the filing fee is not paid within fourteen days after the remitter is notified that his or her check was returned for insufficient funds, the approval is automatically revoked. 8 C.F.R. § 205.1(a)(2).

17(c). The approval is automatically revoked upon the petitioner's withdrawal of the petition, or upon the death of the petitioner or the beneficiary. 8 C.F.R. § 205.1(a)(3)(i)(A), (B), and (C).

17(d). The approval of a spouse petition is automatically revoked upon the termination of the marriage where the petitioner is a U.S. citizen or lawful permanent resident of the United States. 8 C.F.R. § 205.1(a)(3)(D).

17(e). The approval is automatically terminated when a child who has been approved as an immediate relative under INA § 201(b), 8 U.S.C. § 1151(b), reaches the age of twenty-one. 8 C.F.R. § 205.1(a)(3)(E).

17(f).   The approval is automatically terminated when a child who has been approved as an immediate relative under INA § 201(b), 8 U.S.C. § 1151(b), marries.  8 C.F.R. § 205.1(a)(3)(G).

17(g).   The approval is automatically terminated when the beneficiary is an unmarried son or daughter who marries after the immigrant visa petition has been approved.  8 C.F.R. § 205.1(a)(3)(H) (for citizen petitioners) and 8 C.F.R. § 205.1(a)(3)(I) (for lawful permanent resident petitioners).

17(h).   The approval is automatically revoked when an alien's status as a lawful permanent resident is terminated by some reason other than becoming a United States citizen (for example, after a deportation or removal order).  8 C.F.R. § 205.1(a)(3)(J).

18.  Section 205.1 does not permit the submission of evidence in opposition to revocation and does not include a provision for administrative review of an automatic revocation of the approval of an I-130.

19.  Section 205.2 provides for revocation on notice of the approval of an immigrant visa in all cases not covered by section 205.1.  8 C.F.R. § 205.2(a).

20.  Revocation under 8 C.F.R. § 205.2 is not automatic. USCIS must provide a notice of its intent to revoke the immigrant visa approval, and it must allow the petitioner an opportunity to

give evidence in support of the petition and in opposition to the grounds alleged for revocation.  8 C.F.R. § 205.2(b).

21.  Section 205.2 provides for an administrative appeal of a revocation on notice.  8 C.F.R. § 205.2(d).  An appeal from the revocation of the approval of a family-based visa petition is taken directly to the Board of Immigration Appeals as part of the revocation proceeding.  Visa petition revocations are not reviewable by immigration judges in deportation or removal proceedings.

C.  **FACTS OF THE CASE**

22.  Milouda Yahya is a lawful permanent resident of the United States.

23.  On August 28, 1990, her son, Lahcen Yahya, came to the United States as a tourist.  (Affidavit of Lahcen Yahya ("Yahya Aff.") at ¶ 2, attached hereto as Exhibit A.)  His status was changed to that of a student on March 29, 1991.  (Yahya Aff. at ¶ 2.)

24.  Mr. Yahya met Joanna Miegoc in the fall of 1991 and began dating her.  (Yahya Aff. at ¶ 3.).

25.  Mr. Yahya and Ms. Miegoc became engaged in February 1992.  They planned to marry in 1994.  (Yahya Aff. at ¶ 4.)

26.  Meanwhile, on April 14, 1992, Mr. Yahya helped his mother complete an immigrant visa petition on behalf of Mr. Yahya.  (Form I-130, Petition for Alien Relative ("I-130"), attached hereto as Exhibit B.)

27.  Mr. Yahya was not assisted by an attorney.  (Yahya Aff. at ¶ 5; I-130, Section D.)

28.  In Section C of the I-130, Mr. Yahya checked his marital status as "single."  (I-130, Section C-6.)  In Section C-8, the form asked for the date and place of his present marriage. He wrote "N/A."  (I-130, Section C-8.)  In Section C-11 the form asks for the names of prior husbands or wives.  Mr. Yahya again wrote "N/A."  (I-130, Section C-11.)  He also wrote "N/A" in Section C-12, which asks for the dates of previous marriages. (I-130, Section C-12.)

29.  Section C-16 asks for the name of the beneficiary's present wife and children.  Mr. Yahya first wrote "N/A."  (I-130, Section C-16.)  However, because he planned to marry, he crossed out "N/A" and wrote "Joanna Yahya," indicating that she was his wife.  (Yahya Aff. at ¶ 7; I-130, Section C-16.)

30.  On March 1, 1993, the INS approved Mrs. Yahya's petition for an immigrant visa filed on behalf of Mr. Yahya. (Form I-797, Notice of Action, attached hereto as Exhibit C.)

31.  This was the first step for Mr. Yahya to adjust his status.  Adjustment of status would change Mr. Yahya's status from that of a non-immigrant to that of a lawful permanent resident of the United States.  See INA § 245(a), 8 U.S.C. § 1255(a).  Section 1255(a) requires (1) that an alien make an application for adjustment of status; (2) that the alien be eligible for an immigrant visa; and (3) that an immigrant visa be

<u>immediately available to the alien at the time the adjustment</u>
<u>application is filed</u>.

32.  At the time the I-130 was approved, Mr. Yahya was not
yet eligible for adjustment of status because the preference
quota to which he belonged (<u>see</u> INA § 203(a)(2)(B), 8 U.S.C. §
1153(a)(2)(B)) was oversubscribed, so an immigrant visa was not
immediately available.  (Notice of Action, Exhibit C.)  The
number of approved immigrant visa petitions exceeds the number of
immigrant visas that are available each year, so USCIS is
constantly working on a backlog.  Hence, although the immigrant
visa petition filed on behalf of Mr. Yahya had been approved, it
would be some time before an immigrant visa became available.

33.  In the Spring of 1994, Mr. Yahya and his fiancé ended
their engagement without marrying, and Mr. Yahya remains
unmarried to this day.  (Yahya Aff. at ¶¶ 10, 22.)

34.  On November 10, 1999, after Mr. Yahya became eligible
for adjustment of status, he filed an application (Form I-485,
Application to Register Permanent Residence or Adjust Status ("I-
485"), attached hereto as Exhibit D.)

35.  In Part 3-A of the application, Mr. Yahya indicated
that his marital status was "single."  In Part 3-B he wrote
"none" where it asked for his wife's name.  In the "Biographic
Information" form that accompanies an I-485, Mr. Yahya wrote that
he has no wife or former wives.  (Form G-325, Biographic
Information, attached hereto as Exhibit E.)

36.   After Mr. Yahya filed his I-485, the INS contacted him by letter and asked for various documents.  It asked for proof that the I-130 had been approved.  (Form I-72 stamped by the INS as received on January 18, 2000, attached hereto as part of Exhibit F.)  It asked Mr. Yahya to pay a $1,000 fee because the INS presumed that if Mr. Yahya were an unmarried child of a lawful permanent resident, he must be in unlawful status.  (I-72 stamped as Received by the INS on April 10, 2000, attached hereto as part of Exhibit F.)  The letter also asked Mr. Yahya to file an I-485A, a supplement to the I-485 that is required for aliens who were in an unlawful status when they applied for adjustment of status.  The INS sent another letter on April 10, 2000, when it received the $1,000, reminding Mr. Yahya that he still had to file the I-485A.  (Form G-343, attached hereto as part of Exhibit F.)  The INS sent Mr. Yahya a letter to inform him that the INS had scheduled an adjustment of status interview for August 29, 2001.  (Letter dated June 6, 2000, attached hereto as part of Exhibit F.)  Finally, the INS sent Mr. Yahya a letter informing him that he was scheduled to be fingerprinted.  (Fingerprint Notification, attached hereto as part of Exhibit F.)

37.  On August 29, 2001, Mr. Yahya appeared for his adjustment of status interview; however, his mother was traveling and was unavailable.  The adjudication officer would not conduct the interview in the absence of Mr. Yahya's mother, so the officer told Mr. Yahya that he would reschedule it.  (Yahya Aff.

at ¶ 13; Letter dated June 6, 2000, attached hereto as part of Exhibit F.)

38.  Over the next six years, the INS initiated no communication with Mr. Yahya even though he filled out four requests for information regarding his interview, on August 19, 2002; on May 14, 2003; on May 8, 2005; and on July 6, 2005. (Yahya Aff. at ¶ 14; Inquiries attached hereto as Exhibit G.) Mr. Yahya noted that he had received no correspondence from the INS since August 28, 2001.

39.  On July 16, 2007, the INS interviewed Mr. Yahya. (Yahya Aff. ¶ 15.)

40.  The INS's interview was short.  It consisted of the following colloquy:

    Q:  Is your sponsor here with you today?

    A:  Yes.

    Q:  What's your relationship to her?

    A:  My mother.

    Q:  Did you bring all the required documents with you?

    A:  Yes, I did.

    Q:  Can I see your passport?

    A:  Yes, here it is.

    Q:  Does your mother speak English?

    A:  No, she does not.

    Q:  Ask her to show me her permanent resident card.

    A:  Yes.  Mother please show the officer your green

12

card.

> Q:  Do you have a business?
>
> A:  No, I don't.
>
> Q:  Do you travel a lot?
>
> A:  Yes I do, but just for pleasure.
>
> Q:  Are you married?
>
> A:  No I am not, and I have never been married.
>
> Q:  Have you gotten your fingerprints done?
>
> A:  Yes, but I was asked to redo it again.

(Yahya Aff. ¶ 16.)

41.  After the Officer completed her questions, she wrote her name and the date in Mr. Yahya's passport and said that he would hear from the INS within ninety days.  (Yahya Aff. ¶ 17.)

42.  The INS asked Mr. Yahya for no additional information or documentation.  (Yahya Aff. at ¶ 18.)

43.  On September 26, 2007, without issuing a notice of intent to revoke, and without affording Mrs. Yahya any chance to respond, Citizenship and Immigration Services issued an automatic revocation of the approval of Mrs. Yahya's I-130 petition. (Letter dated September 26, 2007, to Milouda Yahya ("I-130 Revocation"), attached hereto as Exhibit H.)

44.  USCIS said that Mrs. Yahya petitioned to have her son granted an immigrant visa as the unmarried son of a lawful permanent resident, but then she contradicted herself when she said both that Mr. Yahya was single and that his wife is Joanna

Yahya.  (I-130 Revocation at 1-2, Exhibit H.)  The letter said that Mrs. Yahya had certified under penalty of perjury that the information was correct.  (Id. at 2.)  The letter said that neither Mrs. Yahya nor her son explained the contradictory statements.

45.  USCIS concluded that by Mrs. Yahya's "own admission in the I-130," she was ineligible to file an immigrant visa petition on behalf of her son.  The letter said that the record indicates that when Mrs. Yahya filed the I-130, she was a lawful permanent resident and her son was married.  It said that lawful permanent residents cannot file I-130s on behalf of married sons or daughters; hence, "the approvals [sic] of your I-130 petition on February 26, 1993 ipso facto void [sic]."  (I-130 Revocation at 2, Exhibit H.)

46.  On the same day, September 26, 2007, CIS denied Mr. Yahya's application for adjustment of status because the approval of his immigrant visa was revoked, making him ineligible for adjustment of status.  (Notice of Decision, dated September 26, 2007, attached hereto as Exhibit I.)  USCIS said that the decision could not be appealed, but could be renewed in removal proceedings.  (Notice of Decision at 1.)

47.  On March 19, 2008, because of the denial of adjustment of status, the U.S. Department of Homeland Security placed Mr. Yahya in removal proceedings.

D.    **Plaintiff's Contentions on Nature of the Dispute**

48.    Plaintiff contends that USCIS's reliance upon 8 C.F.R. § 205.1 to automatically revoke its approval of Mrs. Yahya's I-130 without notice and without the right to appeal is void because section 205.1 does not provide for automatic revocation where a beneficiary is suspected of being married at the time the application is filed.  If that is the ground, then the assertion is that the petition was approved erroneously or as a result of fraud.  These reasons are not grounds for automatic revocation under 8 C.F.R. § 205.1.  They would, however, be grounds for revocation under 8 C.F.R. § 205.2.  Accordingly, the District Director was required to provide notice of intent to revoke the approval of Mrs. Yahya's immigrant visa petition and offer her the opportunity to explain the inconsistency in her petition.

49.    The Director of the Eastern Service Center had the same information as the director of the New York Office of USCIS when he approved the I-130 petition.

50.    Between the time that the Eastern Service Center approved the I-130 and the time the New York District Director revoked it, no circumstances changed that could result in an automatic revocation:  specifically, Mr. Yahya did not marry after the I-130 was approved.

51.    Instead, the revocation found that Mrs. Yahya signed the petition under penalty of perjury and that she then gave contradictory statements.  It also found that she filed as a

lawful permanent resident for an unmarried son, but by her "own admission," her son was then married.  These findings indicate not that Mr. Yahya married after the I-130 approval, but rather that Mrs. Yahya's petition included false material statements.

52.  Moreover, the finding that, based upon the finding that Mr. Yahya was already married, the approval was "_ipso facto_" void is a clear statement that the revocation was not based upon any change that came about after the approval of the I-130.

53.  That the approval was "ipso facto" void also establishes that the revocation is based upon exactly the same record that was before the Service Center in 1993.

54.  Similarly, the District Director's statement that neither Mrs. Yahya nor Mr. Yahya explained the contradictory statements made in the I-130 petition itself is also an affirmation that the approval was not revoked because of a subsequent marriage, but instead was revoked because the District Director did not believe Mrs. Yahya's statements in the I-130 that Mr. Yahya was not married.

55.  When an I-130 approval is revoked by reason of making false statements in the petition, or because the District Director does not believe statements made in the petition, the revocation is controlled by 8 C.F.R. § 205.2; accordingly, the District Director was required to issue a notice of intent to revoke and accord Mrs. Yahya an opportunity to explain why she made inconsistent statements in her petition, to offer evidence

16

to rebut any proposed revocation, and to appeal the revocation to the Board of Immigration Appeals.

## II.  Declaration Sought

56.  To resolve this controversy, Plaintiffs requests that, pursuant to 28 U.S.C. § 2201, this Court Declare the respective rights and duties of the parties in this matter.  In particular, they request that the Court declare that the District Director relied upon the wrong regulation when she revoked the approval of Mrs. Yahya's I-130, and that if the District Director wishes to revoke the approval, she must do so pursuant to 8 C.F.R. § 205.2.

## III. Propriety of Declaration

57.  A valid case and controversy exists sufficient for this Court to Declare the rights and remedies of the parties.  Mrs. Yahya is asking the Court for an order in the nature of mandamus to compel the District Director to consider any revocation of her I-130 under the proper regulation.  To issue the mandamus, the Court must first declare that the District Director invoked the wrong regulation.  If the District Director used the proper regulation, then Mrs. Yahya's petition is revoked, and Mr. Yahya is not eligible to adjust his status to that of a lawful permanent resident; if the District Director used the wrong regulation, her order is void, and if she wishes to revoke the approval of Mrs. Yahya's petition, she must first allow Mrs. Yahya and her son to explain the inconsistency.

58.  Plaintiffs have the requisite standing to request this

17

declaration because it is they who are injured by the District
Director's order.  The determination whether the order revoking
the approval of her immigrant visa is or is not <u>ultra vires</u>
affects Mr. Yahya's application for adjustment of status that is
at issue and is at stake, and Mrs. Yahya's ability to keep her
family together in the United States.

59.  This controversy is ripe for determination because the
automatic revocation under 8 C.F.R. § 205.1 of the approval of
the I-130 is not subject to administrative review:  no
administrative appeal lies from an automatic revocation of an I-
130.  No other remedy is available.

**COUNT 2**
**(Mandamus to Compel Agency Action)**

I.  <u>**Defendant's Failure to Fulfill Her Mandate**</u>

60.  The allegations contained in paragraphs 1 through 7 and
9 through 59 above are repeated and realleged as though fully set
forth herein.

61.  Defendant has failed and refuses to fulfill her duties
with respect to the regulatory mandate of 8 C.F.R. § 205.2 in
that:

61(a).   Section 205.2 requires the District Director
to provide an I-130 petitioner with a notice of intent to
revoke prior to revoking the approval of an immigrant visa
petition.

61(b).   The regulation also requires the District

18

Director to allow the I-130 petitioner to submit evidence in support of the petition and in opposition to the grounds for revocation before the Director may revoke the approval of an immigrant visa petition.

61(c).    The regulation, therefore, places an affirmative duty on the District Director to put the I-130 petitioner on notice of the District Director's concerns regarding the approval.

61(d).    The District Director did not send the Yahyas a notice of intent to revoke the approval of the I-130; she did not inform them of her questions regarding the truth of the statements in the I-130.

61(e).    During the fifteen-year period between USCIS's approval the I-130 and its revocation of the approval, USCIS never sent the Yahyas a request for an explanation of the inconsistencies.

61(f).    At the sole interview that USCIS held, the officer did not ask the Yayahs for an explanation of the inconsistencies, even after Mr. Yahya said at the interview that he had never been married.

61(g).    Nevertheless, the District Director stated that neither Mrs. Yahya nor Mr. Yahya offered an explanation for the inconsistencies in the I-130.

61(h).    But because the Yahyas had no reason to believe that the District Director had any concerns about

19

whether Mr. Yahya had been married, they had no reason to raise the subject themselves.

61(i).    The District Director's failure to issue a notice of intent to revoke the approval of the I-130, her failure to allow the Yahyas an opportunity to give evidence in support of the petition and in opposition to the grounds alleged for revocation, and her failure to allow them to appeal an adverse decision are breaches of the clear, present, and ministerial duty prescribed for her under 8 C.F.R. § 205.2.

## II.  **Plaintiffs' Injury**

62.  Plaintiffs have been injured by the conduct of the Defendant in that:

62(a).    Lawful permanent residents of the United States are accorded benefits that are denied non-immigrants. For example, lawful permanent residents have the privilege of residing permanently in the United States; they are allowed to travel and return to the United States; they are allowed to work in the United States; and, five years after being granted the status, they may become United States citizens.

62(b).    Until Plaintiffs' status is settled, the privileges accorded lawful permanent residents will not be available to Mr. Yahya.

62(c).    Because of Defendant's failure to perform her

duty to place Plaintiffs on notice of her concerns and to allow Plaintiffs the opportunity to give evidence in support of the petition and in opposition to the grounds alleged for revocation, Mrs. Yahya was unable to support her petition.

62(d).    Defendant's failure to perform her duty has subjected Mrs. Yahya to living her final years without her son.

62(e).    Defendant's failure to perform her duty has subjected Mr. Yahya to a removal proceeding and rendered him incapable of defending himself.  USCIS denied his application for adjustment of status, leaving him deportable because he has no authorization to remain in the United States.  USCIS denied the adjustment application because it had revoked the approval of his immigrant visa.  Although Mr. Yahya can renew the application for adjustment of status in the removal proceeding, see 8 C.F.R. § 245.2(a)(5)(ii), he cannot renew the petition for an immigrant visa or argue that USCIS erred in revoking the approval of the immigrant visa petition.  A person is ineligible to adjust status if the person does not have an immigrant visa immediately available, see INA § 245(a), 8 U.S.C. § 1255(a); hence, Mr. Yahya's right to renew his application for adjustment of status before the immigration judge is meaningless.

### III. __Plaintiffs Have a Right to the Relief Sought__

63.  Plaintiffs are within the specific class protected by 8 C.F.R. § 205.2.  Mrs. Yahya is the lawful permanent resident mother of a son who was not, and has never been, married.  Mr. Yahya is the beneficiary who stands to be removed because of USCIS's revocation.

### IV. __Insufficiency of Other Remedies__

64.  Because of Defendant's failure to perform her duty to consider the revocation of Mrs. Yahya's petition under 8 C.F.R. § 205.2 if she believes revocation to be appropriate, Plaintiffs cannot challenge the revocation order administratively.  No appeal is authorized under 8 C.F.R. § 205.1.

65.  Although Mr. Yahya could challenge a removal order in the United States Court of Appeals, the issues would be limited to those that could be raised before the immigration judge.  The immigration judge has the authority to determine only whether an immigrant visa has nor has not been approved or revoked, not whether USCIS applied the wrong regulation in revoking its approval.  Accordingly, no court can review USCIS's utilization of 8 C.F.R. § 205.1 instead of 8 C.F.R. § 205.2.

66.  Because no review is available administratively or in an Article III court, no other adequate remedy is available.

**PRAYER FOR RELIEF**

For the reasons set forth above, Plaintiffs pray that this Court grant the following relief:

1.    Render a Declaratory Judgment providing (a) that the District Director's order in the instant case is void; and (b) that where, as here, the District Director bases her decision to revoke the approval of an immigrant visa petition on inconsistencies in the petition rather than on events that occur after the approval, the Director must follow the procedure set forth in 8 C.F.R. § 205.2 and provide notice and an opportunity to give evidence in support of the petition and in opposition to the grounds alleged for revocation prior to revoking the approval;

2.    Enjoin the District Director to follow 8 C.F.R. § 205.2 by providing Mrs. Yahya notice of intent to revoke and allowing her the opportunity to give evidence in support of the petition and in opposition to the grounds alleged for revocation;

3.    Award Plaintiffs their costs and fees in this action;

//

//

//

//

//

//

//

    4.    Award Plaintiffs any and all other relief that this

Court may deem fit and proper.

```
Dated:      New York, New York
            July 30, 2008
                                Respectfully submitted,

                                The Law Office of Stanley H.
                                  Wallenstein
                                Attorneys for Plaintiff
                                41-43 Beekman Street, 3rd Floor
                                New York, N.Y. 10038
                                (212) 693-0010


                        By:  s/ Alan Strauss_____
                             Alan Michael Strauss (AS3993)
                             Of Counsel
```

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LAHCEN YAHYA,                           :
                        Plaintiff,      :  Civil Action No. _____
                                        :
            - against -                 :
                                        :
ANDREA QUARANTILLO, District Director,  :  AFFIDAVIT OF
United States Citizenship and           :  LAHCEN YAHYA
Immigration Services,                   :
                        Defendant.      :
------------------------------------x
State of New York  )
County of New York ) ss:

        Lahcen Yahya, being duly sworn, deposes and says:

        1.    I, Lahcen Yahya, am the Plaintiff in this action for a
mandamus and for a declaratory judgment.  I live in New York
City, New York.

        2.    I am a citizen of Morocco who came to the United States
as a tourist on August 28, 1990.  On March 29, 1991, the
Immigration and Naturalization Service ("INS") changed my status
to an F-1 student.

        3.    In the fall of 1991 I went to a party at Hunter College
and met Joanna Miegoc.  We began dating after the party.

        4.    In February 1992 Joanna and I became engaged.  We
planned to marry in 1994.

        5.    In April 1992, without the help of an attorney, I
helped my mother complete a Petition for Alien Relative (Form "I-
130").  She had a green card, and she filed the petition so I
could get an immigrant visa.  I helped her fill it out because
she cannot speak English.  She signed and I signed it because I

prepared it.  My mother sent it to the INS.

6.  One section of the petition asked for information about me.  I checked my marital status as "single."  Where it asked for the date and place of my present marriage, I put "N/A."  Where it asked for the names of prior husbands or wives, I put "N/A."  Where it asked for dates my marriages ended, I put "N/A."

7.  The petition also asked for the name of my wife and children.  I put "N/A," but then, because I planned to marry Joanna, I crossed out "N/A" and put "Joanna Yahya" and said that she was my wife.

8.  In September 1992 I moved into Joanna's apartment.

9.  On March 1, 1993, without holding an interview, the INS approved my mother's Petition for Alien Relative.  However, the approval notice said that I was not yet eligible to apply for adjustment of status.

10.  In the Spring of 1994, things were not working out between Joanna and me, so we broke off the engagement and ended our relationship.  I moved into another apartment in New York City.

11.  On November 10, 1999, when I became eligible for adjustment of status, I filed an application to adjust status ("I-485") and get a green card.  I checked my marital status as "single."  I wrote "none" where it asked for my wife's name.  I also filed a form called "Biographic Information" ("G-325") on which I said that I had no wife or former wives.

12.  The INS sent me a few letters after I filed the

application for adjustment of status.  It asked me to submit proof that the immigrant visa was approved, and I sent it.  It sent a letter saying that I must have been in a nonimmigrant status when I filed the application for adjustment of status, so I had to submit an additional form and pay $1,000.  It sent another letter after I sent the money to remind me that I needed to send the form.  Then it sent a letter saying that I had an interview scheduled for August 29, 2001.  It also sent a letter for me to have my fingerprints taken.

13.  On August 29, 2001, I went to the interview without my mother, who was my sponsor but who was traveling.  I was told that she needed to be present, so the officer said that they would reschedule my interview.

14.  After about a year without hearing anything, on August 19, 2002, I went to the INS and filled out a questionnaire stating that I had not received anything from the INS since August 28, 2001.  I didn't hear anything, so on May 14, 2003, I filled out a second questionnaire asking when my appointment would be.  I didn't receive an answer, so about two years later, on May 8, 2005, I filed a third request asking when the rescheduled interview date would be.  I said that I had not received any correspondence since August 28, 2001.  Four months later, on July 6, 2005, I filed a fourth request asking when the rescheduled hearing would be.

15.  The INS finally held my adjustment of status interview on July 16, 2007.

16.  The interview for my application for adjustment of status was short.  The INS asked:

Q:  Is your sponsor here with you today?

A:  Yes.

Q:  What's your relationship to her?

A:  My mother.

Q:  Did you bring all the required documents with you?

A:  Yes, I did.

Q:  Can I see your passport?

A:  Yes, here it is.

Q:  Does your mother speak English?

A:  No, she does not.

Q:  Ask her to show me her permanent resident card.

A:  Yes.  Mother please show the officer your green card.

Q:  Do you have a business?

A:  No, I don't.

Q:  Do you travel a lot?

A:  Yes I do, but just for pleasure.

Q:  Are you married?

A:  No I am not, and I have never been married.

Q:  Have you gotten your fingerprints done?

A:  Yes, but I was asked to redo it again.

17.  After I answered these questions, the officer asked me and my mother to wait for a few minutes.  She left, came back, wrote her name and the date on my passport, and told me that I

would hear from them in no more than 90 days.

18. After the interview, the officer did not ask for any additional information or schedule another interview.

19. On September 26, 2007, Citizenship and Immigration Services sent a letter telling me that it revoked the approval of my mother's immigrant visa petition that she filed for me.

20. Also on September 26, 2007, Citizenship and Immigration Services denied my application for adjustment of status. It said that the application was denied because the approval of the immigrant visa petition filed for me was revoked, so I am not eligible for adjustment of status.

21. On March 19, 2008, the U.S. Department of Homeland Security sent me a Notice to Appear and placed me in removal proceedings.

22. I am not, and I have never been, married.

Lahcen Yahya

Sworn to before me this _____
day of July 2008

Stanley H. Wallenstein
Notary Public
State of New York
No. WA4816863
Qualified in New York County
Certificate Filed New York County
Commission Expires May 13, 2011

# EXHIBIT B

U.S. Department of Justice
Immigration and Naturalization Service      **Petition for Alien Relative**

OMB #1115-0054

| DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE ONLY |
|---|

Case #

A#

G-28 or Volag #

Section of Law
☐ 201 (b) spouse    ☐ 203 (a)(1)
☐ 201 (b) child    ☒ 203 (a)(2)
☐ 201 (b) parent    ☐ 203 (a)(4)
                   ☐ 203 (a)(5)
AM CON  345 cent barred

Remarks: F-24

**Action Stamp**
APPROVED
FEB 2 6 1993
Recommended by:
EAC  6170

**Fee Stamp**
92 SEP 30  8:28
NEW YORK, NY 10007

Petition was filed on  9-30-92  (priority date)
☐ Personal Interview    ☐ Previously Forwarded
☐ Pet ☐ Ben "A" File Reviewed    ☐ Stateside Criteria
☐ Field Investigations    ☐ I-485 Simultaneously
☐ 204 (a)(2)(A) Resolved    ☐ 204 (h) Resolved

## A. Relationship

NIR CIS  VTC076  7/1/94

1. The alien relative is my
☐ Husband/Wife  ☐ Parent  ☐ Brother-Sister  ☒ Child
2. Are you related by adoption?  ☐ Yes  ☐ No
3. Did you gain permanent residence through adoption?  ☐ Yes  ☐ No

## B. Information about you

1. Name (Family name in CAPS) (First) (Middle)
YAHYA    MILOUDA

(Address) Phone # (212) ████████    BRONX  NY  10461
or (212) ████████

4. Date of Birth (Mo/Day/Yr)  ████    5. Sex  ☐ Male  ☒ Female    6. Marital Status  ☒ Married  ☐ Single  ☐ Widowed  ☐ Divorced

7. Other Names Used (including maiden name)  (b)(6)
Ben TAAFAR MILOUDA

8. Date and Place of Present Marriage (if married)
CASABLANCA - MOROCCO - 1961

## C. Information about your alien relative

1. Name (Family name in CAPS) (First) (Middle)
YAHYA    LAHCEN

(Address) Apartment Number
ZIP/Postal Code  11561
State/Country  MOROCCO

5. Date of Birth (Mo/Day/Yr)  69    6. Sex  ☒ Male  ☐ Female    ☐ Married  ☒ Single  ☐ Widowed  ☐ Divorced

7. Other Names Used (including maiden name)
N/A

8. Date and Place of Present Marriage (if married)
N/A

9. Social Security Number  ████5029    10. Alien Registration Number (if any)  N/A 77546901

11. Names of Prior Husbands/Wives  N/A    12. Date(s) Marriage(s) Ended  N/A

3. Has your relative ever been in the U.S.?  ☒ Yes  ☐ No

4. If your relative is currently in the U.S. complete the following: He or she last arrived as a (visitor) student, stowaway, without inspection, etc.)
CURRENTLY Student

Arrival/Departure Record (I-94) Number    Date arrived (Month/Day/Year)
7|2|4|-|2|6|3|0|1|1|0|1|1    08/28/90

Date authorized stay expired, or will expire, as shown on Form I-94 or I-95
Feb 1991 (Student visa (5/93)

5. Name and address of present employer (if any)
N/A

Date this employment began (Month/Day/Year)
N/A

6. Has your relative ever been under immigration proceedings?
☐ Yes  ☒ No  Where
☐ Exclusion  ☐ Deportation  ☐ Recission  ☐ Judicial Proceedings

| | INITIAL RECEIPT | RESUBMITTED | RELOCATED | | COMPLETED | | |
|---|---|---|---|---|---|---|---|
| | | | Rec'd | Sent | Approved | Denied | Returned |

Form I-130 (Rev 4-11-91) Y

| | | | Country of Birth |
|---|---|---|---|
| JOANNA YAHYA | wife | 67 | POLAND |

17. Address in the United States where your relative intends to live

| (Town or City) | (State) |
|---|---|
| Long beach | N Y 11561 |

18. Your relative's address abroad

| (Town or City) | (Province) | (Country) | (Phone Number) |
|---|---|---|---|
| 21 Rue des Landes Ain Diab | CASABLANCA | MOROCCO | 36-56-26 |

19. If your relative's native alphabet in other than Roman letters, write his or her name and address abroad in the native alphabet:

(Name and Street)          (Town or City)          (Province)          (Country)

N/A

20. If filing for your husband/wife, give last address at which you both lived together:

| (No.) | Number and Street | (Town or City) | (Province) | (Country) | From (Month) (Year) | To (Month) (Year) |
|---|---|---|---|---|---|---|
| | | N/A | | | | |

21. Check the appropriate box below and give the information required for the box you checked.

☐ Your relative will apply for a visa abroad at the American Consulate in _____

(City)          (Country)

☑ Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at N.Y.C. N.Y. If your relative is not eligible for adjustment of status, he or she will

(City)          (State)

apply for a visa abroad at the American Consulate in CASABLANCA MOROCCO

(City)          (Country)

(Designation of a consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that consulate. Acceptance is at the discretion of the designated consulate.)

## D. Other Information

1. If separate petitions are also being submitted for other relatives, give names of each and relationship.

2. Have you ever filed a petition for this or any other alien before? ☐ Yes ☑ No

If "Yes," give name, place and date of filing, and result.

**Warning:** The INS investigates claimed relationships and verifies the validity of documents. The INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

**Penalties:** You may, by law be imprisoned for not more than five years, or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws and you may be fined up to $10,000 or imprisoned up to five years or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

Signature _Milonka Yahya_ Date _04/14/92_ Phone Number _8769_

**Signature of Person Preparing Form if Other than Above**

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name _YAHYA LAHCEN_ (Address) _____ (Signature) _Lahcen Yahya_ (Date) _04/14/92_

Long beach N Y

G-28 ID Number _____

Volag Number _____

33

# EXHIBIT C

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Action

| Applicant/Petitioner A #<br>A43 420 904 | Application/Petition    I1300<br>IMMIGRANT PETITION FOR RELATIVE |
|---|---|
| Receipt #<br>EAC-93-012-50460 | Applicant/Petitioner<br>YAHYA, MILOUDA |
| Notice Date          Page<br>March 1, 1993        1 of 1 | Beneficiary<br>YAHYA, LAHCEN |

MILOUDA YAHYA
~~BRONX NY 10461~~

‖ılıllllllllılılılllllılılılı

Approval Notice
Class: F24
Priority Date: September 30, 1992

Notice also sent to:
          None

The above petition has been approved.

The petition indicates that the person the petition is for is in the United States and will apply for adjustment of status.  However, the information submitted with the petition indicates he or she is not eligible to file an adjustment of status application at this time.

Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where the person this petition is for lives.

Until such time as he or she files an adjustment application, or applies for an immigrant visa, this approved petition will be stored in this office.  If the person this petition is for subsequently becomes eligible to adjust status based on this petition, he or she should submit a copy of this notice with Form I-485, Application for Permanent Residence.

If he or she decides to later apply for an immigrant visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Further Action on an Approved Application or Petition, with this office to request that we send the petition to the U.S. consulate.

Please read the back of this form carefully for more information.

You will be notified separately about any other applications or petitions you filed. Save this notice. Please enclose a copy of it if you write to us about this case, or if you file another application based on this decision. Our address is:
IMMIGRATION & NATURALIZATION SERVICE
EASTERN SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Tel: (802) 527-3160

Form I-797 (8/03/90) Y

Please see additional information on the back.

# EXHIBIT D

OMB No. 1115-0053

**U.S. Department of Justice**
Immigration and Naturalization Service

**Application to Register Permanent Residence or Adjust Status**

| | FOR INS USE ONLY | |
|---|---|---|

**START HERE - Please Type or Print**

| Returned | Receipt |
|---|---|

## Part 1. Information about you.

**RECEIVED**

| Family Name | YAHYA | Given Name | LAHCEN | Middle Initial |
|---|---|---|---|---|

NOV 1 0 1999

Address - C/O

| Resubmitted |
|---|

| Street Number and Name | ████████████ | Apt ████ |
|---|---|---|

**SECTION 245**

| City | NEW YORK | |
|---|---|---|

| Reloc Sent |
|---|

| State | NEW YORK | Zip Code | 10040 |
|---|---|---|---|

| Date of Birth (month/day/year) | ████ 69 | Country of Birth | MOROCCO |
|---|---|---|---|

| Social Security # | ████ 5029 | A # (if any) | A 77 546 90 |
|---|---|---|---|

**RECEIVED ... 45
INFORMATION**

| Date of Last Arrival (month/day/year) | 08/28/90 | I-94 # | 9242620110? |
|---|---|---|---|

MAY 3 0 2000

| Current INS Status | | Expires on (month/day/year) | |
|---|---|---|---|

Immigration and
Naturalization ... applicant
... interviewed
New York ...

## Part 2. Application Type. (check one)

I am applying for adjustment to permanent resident status because:

a. ☑ an immigrant petition giving me an immediately available immigrant visa number has been approved (attach a copy of the approval notice), or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application will give me an immediately available visa number if approved.

b. ☐ My spouse or parent applied for adjustment of status or was granted permanent residence in an immigrant visa category which allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) (attach a copy of the fiance(e) petition approval notice and the marriage certificate).

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least 1 year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least 1 year.

g. ☐ I have continuously resided in the U.S. since before January 1, 1972.

h. ☐ Other-explain_____

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever is later, and: (Check one)

i. ☐ I am a native or citizen of Cuba and meet the description in (e), above.

j. ☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

**Section of Law**

☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☑ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Sec. 2 Act of 11/2/66
☐ Other

| Country Chargeable |
|---|

**Eligibility Under Sec. 245**

☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other

| Preference |
|---|

| Action Block |
|---|

**To Be Completed by Attorney or Representative, if any**

☐ Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #

Form I-485 (09-09-92)N

**Continued on back.**

1

## Part 3. Processing Information.

**A.** City/Town/Village of birth  CASABLANCA

Current occupation  PRoduction Mgr/Student

Your mother's first name  MILOUDA

Your father's first name  MOHAMMED

Give your name exactly how it appears on your Arrival /Departure Record (Form I-94)

LAHCEN YAHYA

Place of last entry into the U.S. (City/State)  NEW YORK, NY

In what status did you last enter? (Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)  VISITOR

Were you inspected by a U.S. Immigration Officer? ☑ Yes  ☐ No

Nonimmigrant Visa Number  005173

Consulate where Visa was issued  CASABLANCA, MOROCCO

Date Visa was issued (month/day/year)  08-22-90

Sex: ☑ Male  ☐ Female

Marital Status:  ☐ Married  ☑ Single  ☐ Divorced  ☐ Widowed

Have you ever before applied for permanent resident status in the U.S? ☑ No  ☐ Yes (give date and place of filing and final disposition):

---

**B.** List your present husband/wife, all of your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name | NONE | Given Name | NONE | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | | Relationship | | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | | Given Name | | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | | Relationship | | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | | Given Name | | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | | Relationship | | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | | Given Name | | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | | Relationship | | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | | Given Name | | Middle Initial | Date of Birth (month/day/year) |
| Country of birth | | Relationship | | A # | Applying with you? ☐ Yes ☐ No |

---

**C.** List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place since your 16th birthday. Include any foreign military service in this part. If none, write "none". Include the name of the organization, location, dates of membership from and to, and the nature of the organization. If additional space is needed, use separate paper.

NONE

---

Form I-485 (Rev. 09-09-92) N

Continued On Next Page

2

## Part 3.   Processing Information. *(Continued)*

Please answer the following questions. ( If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to register for permanent residence or adjust status).

1.   Have you ever, in or outside the U. S.:
   a.   knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested?
   b.   been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations?
   c.   been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action?
   d.   exercised diplomatic immunity to avoid prosecution for a criminal offense in the U. S.?          ☐ Yes  ☑ No

2.   Have you received public assistance in the U.S. from any source, including the U.S. government or any state, county, city, or municipality (other than emergency medical treatment) , or are you likely to receive public assistance in the future?          ☐ Yes  ☑ No

3.   Have you ever:
   a.   within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future?
   b.   engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling?
   c.   knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the U.S. illegally?
   d.   illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance?          ☐ Yes  ☑ No

4.   Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to, any person or organization that has ever engaged or conspired to engage, in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity?          ☐ Yes  ☑ No

5.   Do you intend to engage in the U.S. in:
   a.   espionage?
   b.   any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence or other unlawful means?
   c.   any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information?          ☐ Yes  ☑ No

6.   Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party?          ☐ Yes  ☑ No

7.   Did you, during the period March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion?          ☐ Yes  ☑ No

8.   Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion?          ☐ Yes  ☑ No

9.   Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded within the past year, or are you now in exclusion or deportation proceedings?          ☐ Yes  ☑ No

10.   Are you under a final order of civil penalty for violating section 274C of the Immigration Act for use of fraudulent documents, or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the U.S., or any other immigration benefit?          ☐ Yes  ☑ No

11.   Have you ever left the U.S. to avoid being drafted into the U.S. Armed Forces?          ☐ Yes  ☑ No

12.   Have you ever been a J nonimmigrant exchange visitor who was subject to the 2 year foreign residence requirement and not yet complied with that requirement or obtained a waiver?          ☐ Yes  ☑ No

13.   Are you now withholding custody of a U.S. Citizen child outside the U.S. from a person granted custody of the child?          ☐ Yes  ☑ No

14.   Do you plan to practice polygamy in the U.S.?          ☐ Yes  ☑ No

Form I-485 (Rev. 09-09-92)N                    **Continued on back**

3

**Part 4.    Signature.**  *(Read the information on penalties in the instructions before completing this section.  You must file this application while in the United States.)*

I certify under penalty of perjury under the laws of the United States of America that this application, and the evidence submitted with it, is all true and correct. I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| *Lahcen yahya* | LAHCEN YAHYA | 7/21/99 | 212-551-0145 |

**Please Note:** If you do not completely fill out this form, or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.

**Part 5.    Signature of person preparing form if other than above.** *(Sign Below)*

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Day time Phone Number |
|---|---|---|---|
|  |  |  |  |

Firm Name
and Address

U.S. Government Printing Office: 1998 — 445-118

**4**

# EXHIBIT E

FORM G-325A
**BIOGRAPHIC INFORMATION**

OMB No. 1115-0066

U.S. Department of Justice
Immigration and Naturalization Service

| FAMILY NAME | FIRST NAME | MIDDLE NAME | | | |
|---|---|---|---|---|---|

**YAHYA    LAHCEN** (Middle name)    □ MALE  ☑ FEMALE  BIRTHDATE (Mo-Day-Yr.) **69**  NATIONALITY **MOROCCAN**  FILE NUMBER A-

ALL OTHER NAMES USED (Including names by previous marriages)

CITY AND COUNTRY OF BIRTH (If known) **CASABLANCA, MOROCCO**   SOCIAL SECURITY NO. (If any)

| | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH (If known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | YAHYA | MOHAMED | (4) MOROCCO | N.Y USA |
| MOTHER (Maiden name) | YAHYA | MILOUDA | 42 MOROCCO | N.Y USA |

HUSBAND (If none, so state) OR WIFE   FAMILY NAME (For wife, give maiden name)   FIRST NAME   BIRTHDATE   CITY & COUNTRY OF BIRTH   DATE OF MARRIAGE   PLACE OF MARRIAGE

**NONE**

FORMER HUSBANDS OR WIVES (If none, so state)
FAMILY NAME (For wife, give maiden name)   FIRST NAME   BIRTHDATE   DATE & PLACE OF MARRIAGE   DATE AND PLACE OF TERMINATION OF MARRIAGE

**NONE**

APPLICANT'S RESIDENCE LAST FIVE YEARS. LIST PRESENT ADDRESS FIRST.

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| | N.Y | N.Y 10040 | USA | 06 | 95 | | PRESENT TIME |
| | N.Y | N.Y 10033 | USA | 10 | 93 | 05 | 95 |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF MORE THAN ONE YEAR

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS. (IF NONE, SO STATE.) LIST PRESENT EMPLOYMENT FIRST

| FULL NAME AND ADDRESS OF EMPLOYER | OCCUPATION (SPECIFY) | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|
| BROOKWOOD CO, 232/MADISON AVE N.Y, N.Y 10018 | MIS | 08 | 92 | | PRESENT TIME |

Show below last occupation abroad if not shown above. (Include all information requested above.)
**STUDENT**

THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR
□ NATURALIZATION
☑ STATUS AS PERMANENT RESIDENT
□ OTHER (SPECIFY)

SIGNATURE OF APPLICANT   *Lahcen Yahya*   DATE **9-25-99**

IF YOUR NATIVE ALPHABET IS IN OTHER THAN ROMAN LETTERS, WRITE YOUR NAME IN YOUR NATIVE ALPHABET IN THIS SPACE

Are all copies legible?  ☑ Yes

PENALTIES: SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL FACT.

# APPLICANT: BE SURE TO PUT YOUR NAME AND ALIEN REGISTRATION NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW.

| COMPLETE THIS BOX (Family name) | (Given name) | (Middle name) | (Alien registration number) |
|---|---|---|---|
| YAHYA | LAHCEN | | |

Form G-325 A (Rev. 10-1-82)          (1) Ident.

23

# EXHIBIT F



**U.S. Department of Justice**

**Immigration and Naturalization Service**

RECEIVED

2000 JAN 18  AM 9: 37

~~SVC~~
~~NEW YORK NY 10278~~

NAME AND ADDRESS OF APPLICANT/PETITIONER

| NAME OF BENEFICIARY |
|---|
| DATE |
| FILE NO. |
| FORM NO. |

LAHCEN  YMHYA

**PLEASE COMPLY WITH THE BELOW CHECKED ☒ INSTRUCTIONS.**

☐ 1. The above application/petition and its supporting documents are attached.

☐ 2. The above application/petition and its supporting documents have been forwarded to your attorney or representative.

☐ 3. Please complete the blocks on your enclosed application/petition which are checked ☒ in red.

☐ 4. Please follow the instructions on your enclosed application/petition which are checked ☒ in red.

☐ 5. Furnish the required fee of $_____

☐ 6. Furnish the birth or baptismal certificate of _____

☐ 7. Furnish the marriage certificate of _____

☐ 8. Furnish proof of death or legal termination of marriage of _____

☐ 9. A foreign document must be accompanied by a translation in English. The translator must certify that he/she is competent to translate and that the translation is accurate.   ♦

☐ 10. Furnish the date and port of each of your entries into the United States and the name of the ship, plane, or other vehicle on which you traveled.

☐ 11. Except for aliens with occupations listed under Schedule A, 20 Code of Federal Regulations, Part 656.10, a certification from the Secretary of Labor must be obtained before your petition or application may be resubmitted to this Service. Further information and Department of Labor forms and instructions may be obtained from the local office of the state employment service agencies.

☐ 12. You have indicated that you do not intend to seek employment. You must furnish evidence that you have sufficient funds or other means of maintaining yourself in this country.

☐ 13. Furnish two (2) color photographs. These photos must have a white background, photos must be glossy, un-retouched, and not mounted. Dimension of the facial image should be about 1 inch from chin to top of hair or head, shown in ¾ frontal view of right side of face with right ear visible. Using soft pencil or felt pen, print name (and alien registration receipt number, if known) on the back of each photograph. You should show these instructions to the photographer who takes the pictures.

☐ 14. You may now apply for adjustment of status, on the attached forms, for yourself and the below listed persons.

☐ 15. Your proof of status documents have been checked and are attached. Your application/petition is being processed and will be completed in the near future.

☐ 16. You are granted additional time until _____ to submit a brief in support of your appeal, or to present evidence in rebuttal to the proposed visa petition revocation or denial.

☐ 17. *Please Submit proof of an ~~#50~~ approval*

*Petition of I 130*

U.S. Department of Justice

Immigration and Naturalization Service

*Return By Mail*

NAME AND ADDRESS OF APPLICANT/PETITIONER

| | |
|---|---|
| NAME OF BENEFICIARY | |
| DATE | |
| FILE NO. | |
| FORM NO. | |

PLEASE COMPLY WITH THE BELOW CHECKED ☒ INSTRUCTIONS.

☒ 1. The above application/petition and its supporting documents are attached.
☐ 2. The above application/petition and its supporting documents have been forwarded to your attorney or representative.
☐ 3. Please complete the blocks on your enclosed application/petition which are checked ☒ in red.
☐ 4. Please follow the instructions on your enclosed application/petition which are checked ☒ in red.
☐ 5. Furnish the required fee of $_____.
☐ 6. Furnish the birth or baptismal certificate of _____
☐ 7. Furnish the marriage certificate of _____
☐ 8. Furnish proof of death or legal termination of marriage of _____
☐ 9. A foreign document must be accompanied by a translation in English. The translator must certify that he/she is competent to translate and that the translation is accurate.
☐ 10. Furnish the date and port of each of your entries into the United States and the name of the ship, plane, or other vehicle on which you traveled.
☐ 11. Except for aliens with occupations listed under Schedule A, 20 Code of Federal Regulations, Part 656.10, a certification from the Secretary of Labor must be obtained before your petition or application may be resubmitted to this Service. Further information and Department of Labor forms and instructions may be obtained from the local office of the state employment service agencies.
☐ 12. You have indicated that you do not intend to seek employment. You must furnish evidence that you have sufficient funds or other means of maintaining yourself in this country.
☐ 13. Furnish two (2) color photographs. These photos must have a white background, photos must be glossy, un-retouched, and not mounted. Dimension of the facial image should be about 1 inch from chin to top of hair or head, shown in ¾ frontal view of right side of face with right ear visible. Using soft pencil or felt pen, print name (and alien registration receipt number, if known) on the back of each photograph. You should show these instructions to the photographer who takes the pictures.
☐ 14. You may now apply for adjustment of status, on the attached forms, for yourself and the below listed persons.
☐ 15. Your proof of status documents have been checked and are attached. Your application/petition is being processed and will be completed in the near future.
☐ 16. You are granted additional time until _____ to submit a brief in support of your appeal, or to present evidence in rebuttal to the proposed visa petition revocation or denial.
☒ 17. As the unmarried Daughter of a L.P.R. _____ you are considered a preference CASE. Under this category, you must have been in nonimmigrant STATUS when you filed I-485. Since you were out of status / or entered without inspection, you will have to submit I-485A with 1000⁰⁰ filing FEE.
☒ 18 - also send copy of old I-94

FORM I-72
(REV 4-1-63)

PLEASE RETURN THIS LETTER AND ALL ATTACHMENTS WITH YOUR RESPONSE

53



**United States Department of Justice**
Immigration and Naturalization Service

File No. _2384_
Date: _4/10_

Laheen Yakya

**SUBJECT:**

Your request was received in this office on ___4/10/00___ ; please note the paragraph(s) checked below:

1. ☐ The requested record or information is enclosed.

2. ☐ We have made a complete search for the records that relate to your request and none were found.

3. ☐ Requests for information which is not yet a matter of record (such as the final determination or the current status of a pending action) are not within the purview of the Freedom of Information Act/Privacy Act. Therefore, the information you requested within this category cannot be provided.

4. ☐ The following additional information is needed to search for the records you requested:

5. ☐ Your request comes within the jurisdiction of the office shown below:

☐ You should send your request directly to that office.

☐ Your request has been sent to that office for consideration and direct reply to you. All further correspondence should be sent to that office.

6. ☐ Response to your request has been delayed. We expect a determination to be made by_____.
We seek your patience and understanding during the delay which is due to:

7. ☐ A fee is required in the amount of $_____. Fee must be paid by money order or check made payable to the "Immigration and Naturalization Service." THE ENCLOSED COPY OF THIS LETTER SHOULD BE RETURNED WITH YOUR REMITTANCE.

8. ☐ Your payment of $_____ is returned.

☐ No fee is required at this time.

☐ An incorrect fee was submitted

☐ Please resubmit the fee with the enclosed application.

9. ☐ You may elect to treat this interim response as a denial of your Freedom of Information Act/Privacy Act request and file an appeal in writing to the Assistant Attorney General, Attn: Office of Privacy and Information Appeals, Office of Legal Policy, U.S. Department of Justice, Washington, DC 20530. However, we ask that you withhold your decision to file an appeal until we have completed action on your request.

10. ☐ Other remarks:

You Have sent us the check but you didnt sent us the USS supplement Form Resubmit with Fee and FORM

**18**

Form G—343 (Rev. 8—20—82) N



U.S. Department of Justice
Immigration and Naturalization Service

PRESENT THIS LETTER AT THE WORTH STREET ENTRANCE

*Yahya Lahcen*

File Number:

Date: 6-6-00

Please come to the office shown at the time and place indicated in connection with an official matter.

| OFFICE LOCATION | 26 FEDERAL PLAZA NEW YORK, NEW YORK 10273 | Room No. 8-300 | Floor No. 8TH |
|---|---|---|---|
| DATE AND HOUR | *Aug 29, 2001 @ 9:30* | | |
| ASK FOR | IMMIGRATION EXAMINER | | |
| REASON FOR APPOINTMENT | ADJUSTMENT OF STATUS | | |
| BRING WITH YOU | SEE ATTACHMENTS | | |

IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.
IF YOU ARE UNABLE TO DO SO, STATE YOUR REASON, SIGN BELOW AND RETURN THIS LETTER.

WARNING:
    IF YOU CONSIDER DEPARTING FROM THE UNITED STATES TO ANY COUNTRY, INCLUDING CANADA OR MEXICO, BEFORE A DECISION IS MADE ON YOUR APPLICATION, CONSULT WITH THIS OFFICE BEFORE DEPARTURE SINCE A DEPARTURE FROM THE UNITED STATES WILL RESULT IN TERMINATION OF YOUR APPLICATION.

I am unable to keep this appointment because:

*Pl. reschedule
See note enclosed*

| SIGNATURE | DATE |
|---|---|

Very truly yours,

*H. Figueroa*

47



**U.S. Department of Justice**
**Immigration and Naturalization Service**

## Fingerprint Notification

LAHcen YAHyA

New York, N.Y. 10040

Date: 7-23-01

A Number: A 77 546 901

DOB: ___69

Dear Applicant:

To continue processing your I-485 application, INS must send your fingerprints to the Federal Bureau of Investigation. If you were between the ages of 14 and 75 at the time of filing, you must have your fingerprints taken at an INS Application Support Center (ASC). You have been scheduled to be fingerprinted at the location listed below:

| Address | Hours of Operation | |
|---|---|---|
| US Immigration & Naturalization Service | Saturday & Sunday | Closed |
| 201 Varick Street – 10 FL | | |
| New York, NY 10014 | Monday – Friday | 8am-4pm |
| | Also Closed On Federal Holidays | |

Corner of Varick Street and Houston Street
Subway: Take the B, D, Q, E, or F train to W 4 Street, then walk about three blocks. Take the number 1 or 9 train to Houston Street Station.

## You are scheduled to be fingerprinted on :

Aug 14th, 2001 at 8 AM/PM

When you go to have your fingerprints taken, you must bring:
1) **This Letter; and**
2) **Your Alien Registration Card (ARC).** If you do not have an ARC, you must bring alternative photo identification such as passport, valid driver's license, national ID, State-issued photo ID, or other INS-issued photo ID.

Please be reminded that you must bring this letter and proper photo identification mentioned above to have your fingerprints taken, without them the INS ASC will not take your fingerprints. This will delay in the processing of your application.

If you can not go to the INS ASC on your scheduled day, you must request another appointment in writing to the address listed above within 7 days after you have received this letter. You must have your fingerprints taken within 87 days from the date on the upper right hand corner of this notice. If you do **not have your fingerprints taken within that period, your application or petition may be considered abandoned and denied.** Please do not appear before your scheduled date.

59
R

# EXHIBIT G

## U.S. IMMIGRATION & NATURALIZATION SERVICE

### INQUIRY



RECEIVED — 15
INFORMATION
AUG 19 2002
Interpretations!
Immigration and
Naturalization Service
New York, N.Y.

PLEASE fill out All parts of this form. Writing inquires may be left in
Room 8-800 All inquires will be responded to by mail. There will be ___

**SECTION 245**

Today date __8/19/02__ Type of application/Petition: I-130 ___ I-485 ✓ Other ___

Name of Applicant FIRST NAME: __L AHCEN__
LAST NAME: __YAHYA__

Name of person Filing Inquiry (Who Should We call?) __LAHCEN YAHYA__

Applicant's date of birth ██████ 69 Applicant's country of birth __MOROCCO__

Applicant's Alien Registration# (File#) __A 077546901__

Applicants Telephone#
__212__ ███████

Representative's Telephone#
__212-__ ███████

Applicant's Present Address: ████████

████████

__N·Y", N·Y 10040__

Representative's Address: ████████

████████

__N·Y", N·Y 10040__

Have you been interviewed? (Yes) No. If Yes When? __8/28/01__

Who was your Interviewing Officer? __Don't Know__

When was your Application filed? __3/2000__

Reason for Inquiry? __Haven't recaive any correspondence__
__since 8/28/01__

Please complete ALL parts of this form. Be as specific as possible. Failure to complete
this form completely will result in significant delays in our response to your Inquiry

## U.S. IMMIGRATION & NATURALIZATION SERVICE

RECEIVED — 53
INFORMATION

### INQUIRY

MAY 1 4 2003

PLEASE fill out All parts of this form. Writing inquires may be left in Room 8-800 All inquires will be responded to by mail. There will be ~~~ Immigration and Naturalization Service New York, N. Y.

### SECTION 245

Today date **5/14/3** Type of application/Petition: I-130____ I-485 ✓ Other ____

Name of Applicant FIRST NAME: **LAHCEN**
LAST NAME: **YAHYA**

Name of person Filing Inquiry (Who Should We call?) **LAHCEN YAHYA**

Applicant's date of birth ██ **69** Applicant's country of birth **MOROCCO**

Applicant's Alien Registration# (File#) **A 077546901**

Applicants Telephone# | Representative's Telephone#
**212** ████ | **Same**

Applicant's Present Address: | Representative's Address:
████████ | **Same**
████████
**N.Y, N.Y 10040**

Have you been interviewed? Yes/No. If Yes. When? **8/29/01**

Who was your Interviewing Officer? ____

When was your Application filed? **10/25/99**

Reason for Inquiry? **Need to know when is my appointment?**

Please complete ALL parts of this form. Be as specific as possible. Failure to complete this form completely will result in significant delays in our response to your Inquiry

03-08-05

## U.S. IMMIGRATION & NATURALIZATION SERVICE

### INQUIRY

**PLEASE** fill out All parts of this form. Writing inquires may be left in Room 8-800 All inquires will be responded to by mail. <u>There will be No exceptions!</u>

**SECTION 245**

Today date **3-8-05** Type of application/Petition: I-130 _____ I-485 **✓** Other _____

Name of Applicant FIRST NAME: _**LAHCEN**_
            LAST NAME: _**YAHYA**_

Name of person Filing Inquiry (Who Should We call?) _**LAHCEN YAHYA**_

Applicant's date of birth ███ **69** Applicant's country of birth _**MOROCCO**_

Applicant's Alien Registration# (File#) _**A 077546901**_

Applicants Telephone#
_**212-**_███

Representative's Telephone#
_**212-**_███

Applicant's Present Address:
███

_N·Y, N·Y 10040_

Representative's Address:
███

_N·Y, N·Y 10040_

Have you been interviewed? **Yes**/No. If Yes.When? _8/28/01_

Who was your Interviewing Officer? _F·Figueroa_

When was your Application filed? _03/2000_

Reason for Inquiry? _Need to Know when is my reschedule interview date._
_Did not Receive any correspondence since my first interview in 8/28/01_

**Please complete ALL parts of this form. Be as specific as possible. Failure to complete this form completely will result in significant delays in our response to your Inquiry**

**8TH FL**
**ROOM 800**

*and*
*Request*

**U.S. CITIZENSHIP AND IMMIGRATION SERCIVE**

**INQUIRY**

**PLEASE** fill out ALL parts of this form. Writing inquires may be left in 8Th Fl. Room 800 All inquires will be responded to by mail. <u>There will be No exception!</u>

<u>SEC:245</u>

Today date *7-6-05* Type of application/Petition:I-130 _____ I-485 ✓ Other _____

Name of Applicant FIRST NAME: *LAHCEN* _____

LAST NAME: *YAHYA* _____

Name of person Filing Inquiry (who should we call?) *LAHCEN YAHYA* _____

Applicant's date of birth ████ *69* Applicant's country of birth *MOROCCO*
                          dd/mm/year

Applicant's Alien Registration # (File #) *A 077546901* _____

Applicant's Telephone #                    Representative's Telephone #

*(212)* ████████                           *(212)* ████████

Applicant's Present Address:               Representative's Address:

*████CEN YAHYA*                            *MILOUDA YAHYA*
Name                                       Name
████████████████                           ████████████████
Street          Apt#                       Street          Apt#
*N·Y    N·Y    10040*                      *N·Y    N·Y    10040*
City    State   ZIP Code                   City    State   ZIP Code

Have you been interviewed? Yes/No. If Yes When? *8-29-2001*

Who was your Interviewing Officer? *F. FiGUEROA*

When was your Application filed? *03-2000*

Reason for Inquiry? *Need to Know when is my rescheduled*
*interview. I cannot get an w/orK Permit o*
*can not travel abroad.*

Please complete ALL parts of this form, be as specific as possible. Failure to complete this form completely will result in significant delays in our response to your Inquiry.

# EXHIBIT H



**Citizenship and Immigration Services**
**26 Federal Plaza**
**New York, NY 10278**

**Section 245, 8th Floor, Rm. 8-800**

September 26, 2007

Milouda YAHYA

New York, NY 10040

*RE: I-130, Petition for Alien Relative*
*Lahcen YAHYA, A77 546 901*

Dear Ms. YAHYA:

On September 30, 1992 you filed a Petition for Alien Relative (I-130) on behalf of your son,
Lahcen YAHYA, seeking to classify him as the unmarried son of a United States lawful
permanent resident. The Service approved this petition on February 26, 1993.

Section 205 of the Immigration and Nationality Act (INA) provides in pertinent part:
*Revocation of approval of petitions:*

The Secretary of Homeland Security may, at any time, for what he deems to be good and
sufficient cause, revoke the approval of any petition approved by him under section 204. Such
revocation shall be effective as of the date of approval of any such petition.

8 CFR 205.1 provides in pertinent part:
(a) *Reasons for automatic revocation.* The approval of a petition or self-petition made under
section 204 of the Act and in accordance with part 204 of this chapter is revoked as of the date of
approval:

(3) If any of the following circumstances occur before the beneficiary's or self-
petitioner's journey to the United States commences or, if the beneficiary or self-
petitioner is an applicant for adjustment of status to that of a permanent resident, before
the decision on his or her adjustment application becomes final:

(i) *Immediate relative and family-sponsored petitions, other than*
*Amerasian petitions.*

(I) Upon the marriage of a person accorded status as a son or daughter of
a lawful permanent resident alien under section 203 (a) (2) of the Act.

The record contains the original I-130 petition you filed on September 30, 1992 on behalf of your
son Lahcen YAHYA seeking to classify him as the **unmarried** son of a United States lawful
permanent resident. On part C, "Information about your alien relative", number 6. "Marital
Status", you indicated your son's marital status as "single". But on the same form, number 16
"List the husband / wife and all children of your relative" on the second line you wrote Joanna

YAHYA, born in ████1967 Country POLAND as your son's wife. You signed and certified under penalty of perjury under the laws of the United States that the information on the petition was true and correct. More over this I-130 form was signed by your son (beneficiary), declaring that he prepared this document at the request of you and that it is based on all information of which he has any knowledge.

Since you listed your son's wife describing her name date of birth and country of birth in Part C number 16 of the I-130 petition, you contradicted earlier statement that your son's status at the time of filing the I-130 petition was single. There was no explanation from you or the beneficiary why these contradictory statements appeared in the I-130 petition. From your own admission in the I-130 petition, service concluded that at the time you filed the I-130 petition you were ineligible. So the approvals of your I-130 petition on February 26, 1993 ipso facto void.

Section 201 of the Immigration and Nationality Act enumerates those aliens eligible to be issued immigrant visas or who may otherwise acquire the status of an alien lawfully admitted to the United States for permanent residence. The record now indicates that you are still not a citizen of the United States and you still continued to be a Legal Permanent Resident. The record further indicates that at the time you filed the I-130 petition on behalf of your son, you were a lawful permanent resident of the United States and your son was married. Lawful Permanent Residents **cannot** petition for a married son or daughter. Therefore, at the time you filed the petition on behalf of your married son, you were not eligible to do so. Consequently, the approved I-130 petition you filed on behalf of your married son Lahcen YAHYA is hereby revoked.

Sincerely,

Andrea Quarantillo
District Director US CIS
New York District

Copy:  Lahcen YAHYA
       ████████████████████
       New York, NY 10040

# EXHIBIT I

*Adjustment of Status Unit/Section 245*

**U.S. Department of Homeland Security**
26 Federal Plaza, Room 8-800
New York, NY 10278

 **U.S. Citizenship
and Immigration
Services**

September 26, 2007

Lahcen YAHYA

New York, NY 10040

Re: A77 546 901

<u>NOTICE OF DECISION</u>

Dear Mr. YAHYA:

On November 10, 1999 you filed an Application to Register for Permanent Residence or Adjust Status under Section 245 of the Immigration and Nationality Act (the Act). That application is denied for the following reasons:

Section 245 of the Act states, in pertinent part:

> *(a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time the application is filed.*

On September 26, 2007 approval of the I-130 petition you based your adjustment application, was revoked by the service. There exists no basis for your adjustment of status. Accordingly, your application for permanent residence is denied and no further action will be taken by the Service on that application. <u>Any employment authorization you may have been issued is hereby terminated.</u>

This decision may not be appealed. If you believe the law was inappropriately applied or the analysis used in reaching the decision was inconsistent with the information provided or with precedent decisions, you may file a motion to reconsider. If you have new or additional information that you wish to have considered, you may file a motion to reopen.

Section 103.5 of Title 8 CFR states, in pertinent part:

> *(a)(1)(i) Any motion to reconsider an action by the Service filed by applicant...must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant...must be filed within 30 days of the decision that the motion seeks to reopen.*

A motion to reconsider must state the reasons for reconsideration and be supported by copies of any pertinent law, regulation, or precedent decisions. A motion to reopen must state the new facts to be proved at the reopened proceeding and be supported by documentary evidence with appropriate fee. Any motion should be

mailed/hand delivered to the New York District Office. In order to hand-deliver your motion, you must obtain an INFOPASS appointment from the USCIS website (www.uscis.gov). Without an INFOPASS appointment, you will not be permitted to enter 26 Federal Plaza.

You may be eligible to receive a grant of voluntary departure from the United States. If you wish to request voluntary departure, you must take this notice and go to your local office of the Citizenship & Immigration Services to make that request. A request for voluntary departure must be made in writing and must be accompanied by your original passport or other travel documentation sufficient to assure your lawful entry into the country to which you intend to depart. If that request is approved, you must also agree to all terms and conditions of the voluntary departure. If that request is approved and you fail to meet the terms and conditions set forth, you will become subject to a civil penalty of not less that $1,000 and not more than $5,000. Failure to meet the terms and conditions will also result in your being ineligible for any further relief from removal from the United States. If your request for voluntary departure is denied, you may be subject to removal from the United States. You may renew your application for adjustment of status during removal proceedings.

Sincerely,

Andrea Quarantillo
District Director USCIS
New York District

MAG:
cc:

═══════ Notice of Entry ═══════

Sir:  Please take notice that the within is a *(certified)* true copy of a

duly entered in the office of the clerk of the within named court on                                    20__

Dated,

          Stanley H. Wallenstein
      41-43 Beekman Street, 3rd Floor
       New York, New York  10038
       Attorneys for

To

Attorney(s) for

═══════ Notice of Settlement ═══════

Sir:  Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on                                    20__

at                          M.

Dated,

          Stanley H. Wallenstein
      41-43 Beekman Street, 3rd Floor
       New York, New York  10038
       Attorneys for

To

Attorney(s) for

Civil Action No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILOUDA YAHYA,
LAHCEN YAHYA,

Plaintiffs,

- against -

ANDREA QUARANTILLO, District Director, United States Citizenship and Immigration Services,

Defendant.

COMPLAINT FOR DECLARATORY RELIEF (Fed. R. Civ. P. 57) AND COMPLAINT IN NATURE OF MANDAMUS (28 U.S.C. § 1361)

STANLEY H. WALLENSTEIN
41-43 Beekman Street, 3rd Floor
New York, NY 10038
(212) 693-0010

Attorneys for Plaintiff

Due Service of a copy of the within _____

_____ is hereby admitted.

Dated:_____, 20__

_____

Attorney(s) for _____